## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARIA VERGARA, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) ) | Judge: |
| UBER TECHNOLOGIES, INC., a Delaware Corporation, | ) ) ) | |
| *Defendant*. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Maria Vergara ("Plaintiff") brings this class action complaint individually and on behalf of all others similarly situated, and complains against Defendant Uber Technologies, Inc. ("Uber" or "Defendant") to stop Defendant's practice of transmitting unsolicited text messages to consumers' cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, based on the investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      In an effort to advance its transportation networking business, Uber, an online purveyor of vehicles-for-hire, violated federal law by sending unauthorized text message calls to the cellular telephones of individuals throughout the nation.

2.      By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has violated individuals' statutory and privacy rights and has caused individuals actual harm, not only because individuals were subjected to the aggravation and invasion of privacy that necessarily accompanies wireless spam, but also

1

because individuals frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of individuals to be free from receiving unsolicited voice and text calls to cellular phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant conducts business in this District, Defendant is registered in this District, and because a substantial part of the events concerning the conduct at issue occurred in this District, as the unauthorized text messages at issue herein were received by Plaintiff in this District.

## PARTIES

7. Plaintiff is domiciled in Illinois.

8. Defendant Uber is an international provider of its internet-based, vehicle-for-hire service. It is a Delaware corporation with its headquarters located in California.

## COMMON ALLEGATIONS OF FACT

9.      Defendant provides taxi-style transportation service to consumers throughout the nation by permitting consumers to submit trip requests through Defendant's smart phone-based internet application or "app" to Uber drivers who then use their own cars to transport consumers to their requested destinations.

10.      As an ordinary business practice, Defendant collects telephone numbers from consumers upon enrolling in Uber and informs such consumers that they can expect to receive text messages at the number provided.

11.      These text messages come in the form of Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

12.      An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13.      Because Defendant's income is dependent on the number of consumers registering as customers of Defendant, Defendant's customer enrollment process does not include procedures necessary to confirm the accuracy of the information Defendant receives from potential customers, including their phone numbers.

14.      As a result, Defendant's customer account creation and administration processes lack steps sufficient to confirm that the telephone numbers Defendant receives, and then to which it sends texts, actually belong to the Uber applicants providing them.

15.     Many of the telephone numbers in Defendant's possession are consequently inaccurate, resulting in Defendant routinely sending unsolicited text messages to individuals who never provided consent to be called by Defendant.

16.     In addition to being an aggravating invasion of privacy, unsolicited SMS calls, and particularly wireless spam, invade privacy and can actually cost their recipients money because cell phone users like Plaintiff must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17.     Beginning in at least June 2015, and likely many months prior to that, and continuing thereafter, Defendant and its agents caused the transmissions of wireless spam to the cell phones of what they hoped were potential customers.

18.     For instance, on June 14, 2015, Plaintiff's cell phone rang, indicating that two identical text calls were being received.  The "from" field of the transmission was identified as "(469) 275-4970," which is a specialized telephone number utilized by Defendant and its agents for the transmission of text messages en masse.  The body of each text message read:

> Your Uber account
> verification number is:
> 9274. Enter this in our
> app to confirm your
> Uber account.

19.     On July 18, 2015, Plaintiff was sent yet another text call by Defendant that read:

> Your Uber account
> verification number is:
> 0133. Enter this in our
> app to confirm your
> Uber account.

4

20.     On August 2, 2015, Plaintiff was sent at least six (6) more text calls by Defendant containing similar confirmation requests, yet with differing verification numbers embedded.

21.     At no time did Plaintiff attempt to acquire the Uber application, become a customer of Uber or otherwise use Uber.  Moreover, at no time did Defendant confirm the ownership of the phone number to which Defendant was transmitting text messages or otherwise confirm that Defendant had obtained Plaintiff's consent to send any such text messages.

22.     Indeed, at no time did Plaintiff provide consent, including any written consent, to receive the above-reference messages or any other such wireless spam from Defendant, its agents, or partner entities.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of herself and a class (the "Class"), defined as follows: All persons in the United States and its Territories, who, within four years prior to the commencement of this litigation, received one or more text message calls from Defendant where the called party was not the same individual who, according to Defendant's records, provided the phone number to Defendant.

24.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

25.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of

common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

27.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class.  Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

28.     Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

29.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include, but are not limited to, the following:

> (a)     Did Defendant and/or its agents send one or more text messages to members of the Class?
>
> (b)     Did Defendant and/or its agents use an automatic telephone dialing system to transmit the unsolicited text messages at issue?

(c)     Did Defendant and/or its agents transmit text messages to persons who did not previously provide Defendant with prior express consent to receive such messages?

(d)     Did the wireless spam distributed by Defendant violate the TCPA?

(e)     Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

(f)     Should Defendant be enjoined from engaging in such conduct in the future?

**COUNT I**
**Violation of Telephone Consumer Protection Act (47 U.S.C. § 227)**
**on behalf of Plaintiff and the Class**

30.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31.     Defendant made unsolicited text calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

32.     These text message calls were made *en masse* without the prior express consent of the Plaintiff and the Class.

33.     Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

34.     As a result of Defendant's illegal conduct, Plaintiff and the Class members have had their privacy rights violated, have suffered actual and statutory damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

35.     To the extent Defendant knew or should have known that the Class members did not provide prior express consent to be sent the wireless spam at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of statutory damages in an amount to be determined at trial;

3.     An injunction requiring Defendant to cease all wireless spam activities;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.


Dated:  August 7, 2015                                      Respectfully submitted,

                                                           MARIA VERGARA, individually and on
                                                           behalf of class of similarly situated
                                                           individuals

                                                           By: /s/ Evan M. Meyers
                                                                  One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com