IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA VERGARA, individually and on behalf of a class of similarly situated individuals,<br><br>           Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>           Defendant. | No. 1:15-CV-06942<br><br>Judge: Honorable Thomas M. Durkin |

**MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE FCC'S OMNIBUS ORDER TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

NOW COMES, Uber Technologies, Inc. ("Uber"), by its counsel, Debra Bernard of Perkins Coie, LLP, and submits this Motion to Stay Proceedings Pending Appeal of the FCC's Omnibus Order to the United States Court of Appeals for the District of Columbia Circuit, and hereby states as follows:

1. Uber Technologies, Inc. ("Uber") seeks a stay of these proceedings to simplify and clarify the central issues of the litigation, streamline the class certification issues and trial, and reduce the burden of litigation on the Court and on the parties.

2. The Telephone Consumer Protection Act of 1991 ("TCPA") provides that it "shall be unlawful" to "make any call" to a cellular phone number using "any automatic telephone dialing system" ("ATDS"), absent certain exceptions, without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). On July 10, 2015, the Federal Communications Commission ("FCC") released an 81-page decision setting forth its views on issues central to the interpretation of the TCPA, including the definition of ATDS, who is the "called party," and whether text messages are calls. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (2014) (the "Omnibus Order").

3. Plaintiff Complaint, which alleges that Uber violated the TCPA by sending her text messages intended for someone else, depends on the FCC's interpretations in the Omnibus Order. However, those interpretations are contrary to the plain language and purpose of the TCPA, have been criticized by two of the FCC's own Commissioners, and are now under review in the D.C. Circuit Court of Appeals. Courts regularly stay proceedings where, as here, the issues central to the litigation are before another court. *See, e.g.*, *In re Whirlpool Corp.*, 597 F.3d 858, 859 (7th Cir. 2010) (per curiam) (case stayed pending the Supreme Court's resolution of jurisdictional question in another case). To avoid litigating this case under a framework that could be displaced by the D.C. Circuit's decision, this Court should stay these proceedings pending resolution of that appeal.

WHEREFORE, for both the foregoing reasons and the reasons set forth in the contemporaneously filed Memorandum of Law, Uber requests that this Court stay these proceedings pending the D.C. Circuit's adjudication of pending challenges to the 2015 TCPA Order and for such other and further relief the Court deems appropriate in the interests of justice.

Dated: October 16, 2015

UBER TECHNOLOGIES, INC.

By: s/ *Debra R. Bernard*
    Debra R. Bernard, ARDC No. 6191217
DBernard@perkinscoie.com
**PERKINS COIE LLP**
131 South Dearborn, Suite 1700
Chicago, Illinois 60603
Telephone: (312) 324-8559
Facsimile: (312) 324-9559

## CERTIFICATE OF SERVICE

I, Debra R. Bernard, certify that on October 16, 2015, I caused the foregoing **MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE FCC'S OMNIBUS ORDER TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT** to be filed via CM/ECF and served on the following:

Myles McGuire
Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, Illinois 60601
T: (312) 893-7002
F: (312)275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
eturin@mcgpc.com

       /s/ Debra R. Bernard