IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA VERGARA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | No. 1:15-CV-06942<br><br>Judge: Honorable Thomas M. Durkin |

## MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES, Uber Technologies, Inc. ("Uber"), by its counsel, Debra Bernard of Perkins Coie, LLP, and pursuant to Fed. R. Civ. P. 12(c) submits this Motion for Judgment on the Pleadings, and hereby states as follows:

1. Uber requests that the Court grant this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

2. "The standard applied to motions under Rule 12(c) is the same as that applied to dismissals under Rule 12(b)(6)." *Hardy v. Hardy*, No. 10 C 5921, 2013 WL 5325077, at *2 (N.D. Ill. Sept. 20, 2013) (citing *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3. The Telephone Consumer Protection Act of 1991 ("TCPA") provides that it "shall be unlawful" to "make any call" to a cellular phone number using "any automatic telephone dialing system" ("ATDS"), absent certain exceptions, without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). Equipment constitutes an ATDS only if it has "the capacity: (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). This equipment must also have the capacity to "generate numbers and dial them *without human intervention*." *In Re Rules*

*& Regulations Implementing Tel. Consumer Prot. Act of 1991*, Report and Order, 27 FCC Rcd. 15391, 15392 n.5 (2012) (emphasis added).

4. Plaintiff's Complaint, which alleges solely that Uber violated the TCPA by sending her account verification text messages, fails to state a claim. Plaintiff's allegations establish that she received a text message because an Uber user mistakenly entered Plaintiff's phone number while signing up for an Uber account and triggered personalized account verification text messages. ECF No. 1, Compl. ¶¶ 13-15, 18-19. The TCPA does not extend so far as to hold a company, such as Uber, liable for personalized text messages targeted to a specific phone number that were initiated and triggered by an individual signing up for that company's services. Indeed, Plaintiff's allegations establish that text messages were not sent randomly and were in fact sent as a result of human intervention. Various courts, including the U.S. District Court for the Northern District of California in Duguid v. Facebook, Inc., No. 15-CV-00985-JST, 2016 WL 1169365, at *5 (N.D. Cal. Mar. 24, 2016), have dismissed substantially similar allegations as deficient because such allegations refute that a defendant used an ATDS. Because Plaintiff's Complaint establishes that Uber did not use an ATDS to send her text messages, this case should be dismissed.

5. Uber's counsel, Debra Bernard, contacted Plaintiff's counsel, Evan Meyers, regarding the contents of this motion and asked whether there is an objection to the motion. Plaintiff opposes this motion.

WHEREFORE, for both the foregoing reasons and the reasons set forth in the contemporaneously filed Memorandum of Law, Uber requests that this Court grant Uber's Motion for Judgment on the Pleadings and for such other and further relief the Court deems necessary in the interest of justice.

Dated: May 19, 2016                    UBER TECHNOLOGIES, INC.

                                       By: s/ Debra R. Bernard
                                           Debra R. Bernard, ARDC No. 6191217
                                           DBernard@perkinscoie.com
                                           **PERKINS COIE LLP**
                                           131 South Dearborn, Suite 1700
                                           Chicago, Illinois 60603
                                           Telephone: (312) 324-8559
                                           Facsimile: (312) 324-9559