IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA VERGARA, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br> v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | No. 1:15-CV-06942<br><br>Judge: Honorable Thomas M. Durkin |

## AGREED PROTECTIVE ORDER

The parties to this Agreed Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Protected Material as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**.  As used in this Order, "Confidential Information" means information (regardless of how it is generated, stored, or maintained) that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) other information that qualifies for protection under Federal Rule of Civil Procedure 26(c).  Information or documents that are available to the public

-1-

may not be designated as Confidential Information. Confidential Information shall be designated as "CONFIDENTIAL" by the producing party.

As used in this Order, "Highly Confidential Information" means extremely sensitive Confidential Information where disclosure of the information would create a substantial risk of serious harm that could not be avoided by less restrictive means. Highly Confidential Information shall be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing party.

As used in this Order, "Highly Confidential Source Code" means extremely sensitive Confidential Information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Highly Confidential Source Code shall be designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" by the producing party.

As used in this Order, "Protected Material" means any information, disclosure, or discovery material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

**3.    Designation**.

**(a)**    A party or non-party may designate a document as Protected Material for protection under this Order by placing or affixing the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Material. The appropriate marking shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" to a document does not mean that the

-2-

document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Material are not required to be marked.

(b) The designation of a document as Protected Material is a certification by an attorney or a party appearing *pro se* that the document contains Protected Material as defined in this order.[1]

4. **Depositions.**

For deposition testimony, the designating party shall identify on the record all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the designating party may specify that the entire transcript be treated as Confidential Information or Highly Confidential Information. Deposition testimony so designated shall be treated as Confidential Information or Highly Confidential Information protected by this Order until twenty-one (21) days after delivery of the transcript by the court reporter to any party or the witness. Within twenty-one (21) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Protected Material and specifying the level of protection, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice

---

[1] An attorney who reviews the documents and designates them as Protected Material must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents as Protected Material pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

of Designation waives any designation of deposition testimony as Protected Material that was made on the record of the deposition, unless otherwise ordered by the Court.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the designating party. The designating party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the twenty-one (21) day period for designation shall be treated during that period as if it had been designated Highly Confidential Information in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

5. **Protection of Protected Material**.

(a) **General Protections**. Protected Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Protected Material may be disclosed as described below only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b) **Limited Third-Party Disclosures of Confidential Information**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these

-4-

requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)    **Counsel**.  Counsel for the parties and employees of counsel who have responsibility for the action;

    (2)    **Parties**.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)    **The Court and its personnel**;

    (4)    **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

    (5)    **Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (6)    **Consultants and Experts**.  Consultants, investigators, or experts retained by the parties or counsel for the parties to assist in the preparation and trial of this action but only if (1) such persons are not past or current employees of a party or of a party's competitors, (2) such persons are not, at the time of retention, anticipated to become employees of a party or of a party's competitor, and (3) such persons have completed and signed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (7)    **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in

ny-1251395

connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Author or recipient**. The author or recipient of the document (not including person who received the document in the course of litigation); and

(9) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Limited Third-Party Disclosures of Highly Confidential Information or Highly Confidential Source Code**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information or Highly Confidential Source Code to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information or Highly Confidential Source Code:

(1) **Outside Counsel of Record**. The receiving party's outside counsel of record, meaning attorneys who are not employees of a party to this action but who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have completed and signed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(2)**    **Defendant's House Counsel**.  The attorneys who are employees of
Defendant;

**(3)**    **The Court and its personnel**;

**(4)**    **Court Reporters and Recorders**.  Court reporters and recorders engaged
for depositions to whom disclosure is reasonably necessary for this
litigation and who have completed and signed the certification contained
in Attachment A, Acknowledgment of Understanding and Agreement to
Be Bound;

**(5)**    **Experts**.  Experts retained by the parties or counsel for the parties to assist
in the preparation and trial of this action but only if (1) disclosure to the
expert is reasonably necessary for this litigation, (2) the expert is not a past
or current employee of a party or of a party's competitors, (3) the expert is
not, at the time of retention, anticipated to become an employee of a party
or of a party's competitor, (4) the expert has completed and signed the
certification contained in Attachment A, Acknowledgment of
Understanding and Agreement to Be Bound, and (5) the procedures set
forth in paragraph 5(d) below have been followed as to the expert.

**(6)**    **Author or recipient**.  The author or recipient of the document (not
including persons who received the document in the course of litigation)
containing the information or a custodian or other person who otherwise
possessed or knew the information; and

**(7)**    **Others by Consent**.  Other persons only by written consent of the
producing party or upon order of the Court and on such conditions as may
be agreed or ordered.

ny-1251395

    **(d)**     **Procedures for Approving or Objecting to Disclosure of Highly Confidential Information or Highly Confidential Source Code to Experts**.

        **(1)**     Unless otherwise ordered by the Court or agreed to in writing by the designating party, a party that seeks to disclose to a retained expert any information or item that has been designated Highly Confidential Information or Highly Confidential Source Code first must make a written request to the designating party that (1) identifies the general categories of Highly Confidential Information or Highly Confidential Source Code that the receiving party seeks permission to disclose to the Expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[3]

        **(2)**     A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected

---

[2] If the expert believes any of this information is subject to a confidentiality obligation to a third-party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert shall be available to meet and confer with the designating party regarding any such engagement.

[3] It may be appropriate in certain circumstances to restrict the expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the designating party's Highly Confidential Information.

Material to the identified expert unless, within fourteen (14) days of delivering the request, the party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

    **(3)** A party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion with the Court seeking permission to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure. In any such proceeding, the party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Protected Material to its Expert.

    **(e)** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. It may be appropriate under certain circumstances to require the receiving party to store any electronic Protected Material in password-protected form. Counsel shall maintain the originals of the forms signed

-9-

by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

     **6.**     **Source Code**.

     **(a)**     To the extent production of source code becomes necessary in this case, a producing party may designate source code as Highly Confidential Source Code if it comprises or includes confidential, proprietary or trade secret source code.

     **(b)**     Protected Material designated as Highly Confidential Source Code shall be subject to all of the protections afforded to Highly Confidential Information, and may be disclosed only to the individuals to whom Highly Confidential Information may be disclosed, as set forth in Paragraphs 5(b) and 5(c).

     **(c)**     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

     **(d)**     The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The producing party shall provide all such source code in paper form including Bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 11.

(e)     The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

7.     **Inadvertent Failure to Designate**.  An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Material.

8.     **Inadvertent Production of Privileged or Otherwise Protected Material**. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from

disclosure shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure of the material, promptly requests its return. In the event that a third-party to this action obtains the material, privilege or any other applicable protection is not waived, pursuant to the provisions of Federal Rule of Evidence 502 and other applicable law.

9. **Filing of Protected Material**. This Order does not, by itself, authorize the filing of any document under seal. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. Any party wishing to file a document designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

10. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

11. **Challenges by a Party to Designation as Protected Material**. The designation of any material or document as Protected Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A party challenging the designation of Protected Material must do so in good faith and must begin the process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge by conferring directly with counsel for the designating party within fourteen (14) days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. A challenging party may proceed to the next state of the challenge process only if it has engaged

-12-

in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

       **(b)**     **Judicial Intervention**. If the parties cannot resolve a challenge without court intervention, a party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Material under the terms of this Order. Failure by the designating party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, a party challenging a designation may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any such motion brought pursuant to this provision must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

       **12.**     **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Protected Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

       **13.**     **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Protected Material at a hearing or trial shall bring that issue to the Court's and parties' attention

by motion or in a pretrial memorandum without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14.    Protected Material Subpoenaed or Ordered Produced in Other Litigation**.

**(a)**    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)**    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Material by the other party to this case.

**15.    Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**16.    Obligations on Conclusion of Litigation**.

(a)    Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Protected Material and documents marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" under this Order, including copies as defined in Paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the receiving party destroys the documents and appropriately certifies as such to the producing party; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material, and one complete set of all documents filed with the Court including those filed under seal.  Any retained Protected Material shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Protected Material.

(c)    **Deletion of Documents Filed under Seal from ECF System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**17.    Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**18.    No Prior Judicial Determination**.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Material by counsel or the parties is entitled to protection under

-15-

Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      **19.**     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

***SO ORDERED.***

Dated: 10/31/2016

_____

JUDGE THOMAS M. DURKIN
U.S. DISTRICT COURT JUDGE

-16-

**WE SO MOVE AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER:**

/s/ Evan M. Meyers                    /s/ David J. Fioccola

Paul Tyler Geske                      David J. Fioccola

Evan M. Meyers                      Adam J. Hunt

Yevgeniy Y. Turin                   Tiffani B. Figueroa

MCGUIRE LAW, P.C.              MORRISON & FOERSTER LLP

55 W. Wacker Drive, 9th Floor       250 W. 55th Street

Chicago, Illinois 60601            New York, New York 10019

Telephone: (312) 893-7002        Telephone: (212) 336-4069

pgeske@mcgpc.com              DFioccola@mofo.com

emeyers@mcgpc.com

eturin@mcgpc.com               John C. Ellis

                                   ELLIS LEGAL P.C.

*Attorneys for Plaintiff*            250 South Wacker Drive

                                   Suite 600

Dated: October 24, 2016           Chicago, Illinois 60606

                                   Telephone: (312) 967-7629

                                   JEllis@ellislegal.com

                                   *Attorneys for Defendant*

                                   Dated: October 24, 2016

-17-