UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA VERGARA, et al., | Case No. 1:15-CV-06942 |
| Plaintiffs, | Hon. Thomas M. Durkin |
| v. | |
| UBER TECHNOLOGIES, INC., | |
| Defendant. | |

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES, DIRECTING NOTICE OF PROPOSED CLASS SETTLEMENT, AND SCHEDULING A FINAL APPROVAL HEARING DATE

WHEREAS, Maria Vergara, James Lathrop, Jonathan Grindell, Sandeep Pal, Jennifer Reilly, and Justin Bartolet ("Plaintiffs"), and Defendant, Uber Technologies, Inc., ("Defendant") (collectively, the "Parties") have reached a proposed settlement and compromise of the claims in the above-captioned matter, which is embodied in the Settlement Agreement filed with the Court; and

WHEREAS, the Parties have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

WHEREAS, the Capitalized Terms herein shall have the same meaning as in the Settlement Agreement;

NOW, THEREFORE, the Court, having read and considered the Settlement Agreement and accompanying documents, as well as the Motion for Preliminary Settlement Approval and

1

supporting papers, and the Parties to the Settlement Agreement having consented to the entry of this order, AND GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Classes, as falling within the range of possible final approval, and as meriting submission to the Settlement Classes for their consideration.

2. For purposes of the Settlement only, the Court conditionally certifies the Settlement Classes, defined as:

> <u>Settlement Class A</u>: All persons or entities within the U.S. who, from December 31, 2010 up to and including August 17, 2017, used or subscribed to a wireless or cellular service and were sent one or more non-emergency text messages, utilizing Twilio Inc.'s system, in connection with Uber's Refer-a-Friend Program.
>
> <u>Settlement Class B</u>: All persons or entities within the U.S. who, from December 31, 2010 up to and including August 17, 2017, started Uber's driver application process but did not become an "active" driver in Uber's system, who used or subscribed to a wireless or cellular service, and to whom Uber sent one or more non-emergency text messages after the user or subscriber requested Uber to discontinue sending text messages.
>
> <u>Settlement Class C</u>: All persons or entities within the U.S. who, from December 31, 2010 up to and including August 17, 2017, were not party to a contract with Uber and/or who did not provide his or her cellular phone number to Uber, and who used or subscribed to a wireless or cellular service to which Uber sent one or more non-emergency text messages.

Excluded from the Settlement Classes are all persons who elect to exclude themselves from the Settlement Classes, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

3. The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 appear to be satisfied, including

requirements for the existence of numerosity, typicality, commonality, adequacy of representation, and manageability of Settlement Classes, that common issues of law and fact predominate over individualized issues, and that Settlement Classes are superior to alternative means of resolving the claims and disputes at issue in this Action.

4. Plaintiffs Jonathan Grindell, Sandeep Pal, James Lathrop, Jennifer Reilly, Justin Bartolet, and Maria Vergara shall serve as Class Representatives of the Settlement Classes.

5. The Court appoints the following counsel as Class Counsel for purposes of this settlement:

> Hassan A. Zavareei
> Andrea R. Gold
> Andrew J. Silver
> TYCKO & ZAVAREEI LLP
> 1828 L Street, N.W., Suite 1000
> Washington, D.C. 20036; and
>
> Myles McGuire
> Evan M. Meyers
> Paul T. Geske
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Floor
> Chicago, IL 60601.

The Court preliminarily finds that the Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Classes in accordance with Federal Rule of Civil Procedure 23.

6. The Court approves the nomination of Epiq Systems, Inc. to administer the Settlement.

7. A Final Approval Hearing shall be held before this Court at 9:00 a.m. on January 23, 2018, in Courtroom 1441, 219 South Dearborn Street, Chicago, Ill. 60604, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate; (b)

whether the Final Approval Order and Judgment should be entered; (c) whether Class Counsel's application for attorney's fees, expenses, and Class Representatives' service awards should be approved; and (d) any other matters that the Court deems appropriate.

8. With the exception of such proceedings as are necessary to implement, effectuate and grant final approval to the terms of the Settlement Agreement, all proceedings with respect to the claims in this Action are stayed and all members of the Settlement Classes are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement.

9. The Court has reviewed and approves, as to form and content, the Publication Notice, the Postcard Notice, and the Long Form Notice, all of which have been submitted to the Court for its review. The Publication Notice shall be posted on the Settlement website and published in the publication listed in the Settlement Agreement.

10. The Court finds that the Parties' plan for providing notice to the Settlement Classes described in Section IX of the Settlement Agreement constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing, and complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Settlement Administrator shall complete dissemination of notice in the manner prescribed in Section IX of the Settlement Agreement no later than sixty (60) days after the date of this Order.

11. The Court further finds that the notice plan described in Section IX of the Settlement Agreement will adequately inform members of the Settlement Classes of their right to

4

exclude themselves from the Settlement Classes so as not to be bound by the terms of the Settlement Agreement. Any member of the Settlement Classes who desires to be excluded from the Settlement Classes, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written request for exclusion within 120 days of the date of this Order.

12. Any member of the Settlement Classes who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing. The names of all persons and entities timely submitting valid Requests for Exclusion shall be provided to the Court by the Settlement Administrator before the Final Approval Hearing.

13. Any member of the Settlement Classes who does not submit a valid and timely Request for Exclusion may object to the Settlement Agreement, to Class Counsel's application for attorney's fees, expenses, and costs, to the Class Representatives' service awards, or to the proposed Order and Judgment. All objections must be postmarked by the Objection Deadline. All objections must be submitted to the Parties' counsel and the Settlement Administrator 30 days before the Final Approval Hearing. The Parties shall file such objections with the Court 14 days before the Final Approval Hearing. No member of the Settlement Classes shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney, unless written notice of the Class Member's objection and any brief in support of the objection have been submitted in conformance with the procedure set out in the detailed notice, which is Exhibit 6 to the Settlement Agreement.

14. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to the counsel listed in paragraph 5 above, and for Defendant's Counsel, to Austin V. Schwing, Gibson Dunn & Crutcher LLP, 555 Mission Street, San Francisco, CA. 94105.

15. Any member of the Settlement Classes who does not make an objection in the time and manner provided in the detailed notice, which is Exhibit 6 to the Settlement Agreement, shall be deemed to have waived such objection and be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, the payment of attorney's fees, costs, and expenses, the Class Representatives' service award, the allocation of the Settlement Fund, or the Final Approval Order and Judgment.

16. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

17. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as Service Awards for the Class Representatives, no later than November 15, 2017.

18. All papers in support of the final approval of the proposed Settlement shall be filed no later than ten (10) days before the Final Approval Hearing.

19. The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the members of the Settlement Classes. The Final Approval Hearing may, from time to time and without further notice to the Settlement Classes, be continued by order of the Court.

20. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| | |
|---|---|
| **Notice to be completed by:** | **October 16, 2017** |
| **Fee and Expense Application:** | **November 15, 2017** |
| **Objection:** | **December 22, 2017** |
| **Exclusion Request:** | **December 15, 2017** |
| **Final Approval Submissions:** | **January 12, 2018** |
| **Final Approval Hearing:** | **January 23, 2018 at 9:00 a.m.** |
| **Claims Deadline:** | **December 15, 2017** |

**IT IS SO ORDERED.**

Dated: 8/17/2017

Hon. Thomas M. Durkin
U.S. District Court Judge