# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARIA VERGARA, SANDEEP PAL,
JENNIFER REILLY, USTIN BARTOLET,
JAMES LATHROP, and JONATHAN
GRINDELL, individually and on          No. 15-cv-06942 Hon. Thomas M. Durkin
behalf of similarly situated individuals,

  Plaintiffs,

v.

UBER TECHNOLOGIES, INC., a Delaware
corporation,

  Defendant.

---

## OBJECTION OF KERRY ANN SWEENEY, PRO SE TO PROPOSED SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR

---

NOW COMES, Pro Se Objector, Kerry Ann Sweeney, Pro Se and hereby files

these objections to the proposed settlement in this matter.

## I.    PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Kerry Ann Sweeney, Pro Se ("Objector") believes she is a member of the class as defined in that certain Legal Notice of Class Action Settlement which is not dated, ( the "Notice"). Objector's address and telephone number are listed at the conclusion of this objection.

## II.  NOTICE OF INTENT TO NOT APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Fairness Hearing presently scheduled for 10:00 a.m. on January 23. 2018 at the United States District Courthouse for the Northern District of Illinois-Eastern Division, Courtroom 1441, located at 219 South Dearborn Street Chicago, IL.

## III.   OBJECTOR IS A CLASS MEMBER

After reviewing the Notice, the Objector states that he is a class member with standing to object to the Court's Order for Preliminary Approval of the Settlement by virtue of her receiving unwanted messages and call on her cellular phone. Her claim # 4577717270 and her Claim Confirmation is FO8LHPTV. Objector was contacted at one of her cell phone numbers 608-695-4277 and/or 424-299-0832.

# IV. REASONS FOR OBJECTING TO THE PROPOSED SETTLEMENT

## A. The requested Attorney Fees are Excessive.

It is inadequate and unfair to award attorney fees in the amount of $6.660 million

dollars (i.e. 33 % percent of the settlement fund) in this matter. An award of

attorneys' fees of 33 % is well beyond the typical fee percent granted in the 7th

Circuit and in similar TCPA cases. The Court 's recent award of at least $15.26

million in attorneys' fees in *Aranda et al. v. Caribbean Cruise Line, Inc. et al.*, No.

12-04069, 2017 U.S. Dist. LEXIS 52645 (N.D. Ill., April 6, 2017), serves as the

most recent example of the lucrative success that plaintiffs' attorneys continue to

achieve in TCPA class actions.

*Aranda et al. v. Caribbean Cruise Line, Inc. et al.*, No. 12-04069, 2017 U.S. Dist.

LEXIS 52645 (N.D. Ill., April 6, 2017), serves as the most recent example of the

lucrative success that plaintiffs' attorneys continue to achieve in TCPA class

actions. The method of calculating those fees, however, supports a "sliding scale"

method of determining a proper percentage fee.

In *Aranda*, Plaintiffs alleged that Defendants violated the TCPA by placing

millions of automated telephone calls to consumers without their consent. After

roughly four years of "hotly contested litigation," the parties settled on the eve of

trial and the settlement provides that defendants will establish a common fund, in

an amount no lower than $56 million and no higher than $75 million, from which class members will be paid. *Id.* *3. Following final approval of the class-wide settlement, Plaintiffs' counsel petitioned for an award of attorneys' fees in amount equal to one-third of the final common fund total.

Judge Kennelly of the U.S. District Court for the Northern District of Illinois granted in part the fee request of Plaintiffs' counsel, noting that while the circumstances of the case warranted a higher fee award than those granted in other TCPA class actions, the Court disagreed that the award should be as high as requested and declined to depart from the "sliding-scale structure" used by courts in the Seventh Circuit to award attorney's fees in class actions. *Id.*

## B. Sliding scale method in the real world.

The main question addressed by the Court was whether the fee request should be granted based on Plaintiffs counsel's proposed "flat-percentage" approach or the "sliding scale" model that district courts in the Seventh Circuit often use to award attorneys' fees for class action settlements as outlined in *In Re Synthroid Marketing Litigation*, 264 F.3d 712, 721 (7th Cir. 2001). *Id.* *4. The "sliding scale" model consists of breaking class action settlement funds into tiers or bands and awards class counsel a decreasing percentage of each band. The rationale behind this approach is that "awarding class counsel a decreasing percentage of the

higher tiers of recovery enables them to recover the principal costs of litigation from the first bands of the award, while allowing the clients to reap more of the benefit at the margin yet still preserving some incentive for lawyers to strive for these higher awards." *Id.* at *11 (quoting *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 959 (7th Cir. 2013)). Plaintiffs' counsel argued that an award amounting to one-third of the net common fund accurately reflected the result of a hypothetical negotiation between the plaintiffs and their attorneys under a "market based approach," citing their typical contingency fees in TCPA cases, an expert indicating that the request was less than a standard rate for individual TCPA cases, and argued that they generated better-than-average value for the class and should be paid accordingly. *Id.* *6-7.

The Court agreed with Plaintiffs that the circumstances of the case warranted a higher fee than those granted in other TCPA class actions that resulted in settlement. *Id.* *14. However, the Court did not agree that the case was not one in which "declining marginal percentages are [not] always best" and therefore, this concern would not provide a reason for class members to deviate from the sliding-scale structure in an *ex ante* negotiation. *Id.* *12. Specifically, counsel would have had the same or virtually the same incentive to fight for a high award whether they were receiving a flat rate or a sliding-scale rate because up until the very end, class counsel were fighting to get any recovery for the class. *Id.* *16. The Court also

disagreed with Plaintiffs that class members would accept a flat rate because of its low inherent value or because of the possibility that counsel could generate a high recovery through aggressive litigation because it was "not clear that the hypothetical class members in this case would be faced with the binary choice between a high-percentage fee with a large recovery, on the one hand, and a sliding-scale fee for a small recovery, on the other." *Id.* *17.

Despite this, the Court was "persuaded that plaintiffs and their counsel faced materially greater risks in this case than those faced in the other recent TCPA class actions" and therefore, added at least a 6% premium to the first "band" of recovery on the sliding scale. *Id.* *25. Ultimately, the Court also concluded that counsel's efforts justified increasing the size of the settlement and therefore, plaintiffs in a hypothetical negotiation might agree to pay a risk premium at each band, but also insist that the size of the premium decrease at each band, as the risk of non-recovery decreased. *Id.* *27-2824% of the band from $20 million to $56 million ($8.64 million), and 18% of the remainder. If the common fund reaches its $76 million ceiling, the Court will adjust the award up, in which case the award would amount to roughly 25.6% of the common fund which is slightly higher than the mean and median recoveries for TCPA cases of similar value. *Id.* *30-31.

The Court, here should apply a 33% award on the first ten million and 25 % of the second $10 million. Using Aranda and applying this method to the present case would yield an attorney fees in the amount of $5.8 Million Dollars.

## VI.  CONCLUSION

**WHEREFORE**, The Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Dated:  December 19, 2017.                  Respectfully submitted,


                              s/ Kerry Ann Sweeney
                              Kerry Ann Sweeney, Pro Se
                              1223 20th Street,
                              Unit 101
                              Santa Monica, CA   90404
                              Phone: 424-299-0832
                              Email:kerryannsweeney@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2017, I caused to be filed the foregoing with the Settlement Administrator this Objection by having the foregoing deposited in First Class, U. S. Mail. The Administrator will forward the Objection to the Clerk of the Court of the United States District Court for the Northern District of Illinois. When the Clerk of Court scans this Objection into the CM/ECF system all parties who are registered will receive a copy. In addition hard copies of this Objection were mail to Counsel at the addresses listed in the Notice.

/s  Kerry Ann Sweeney_____
Kerry Ann Sweeney, Pro Se

Sweeney
223 20th St.
Unit 101
Santa Monica, CA
90404

AUSTIN V. SCHWING
GIBSON, DUNN & CRUTCHER LLP
555 MISSION STREET
SAN FRANCISCO, CA
94105

