**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA VERGARA, SANDEEP PAL, JENNIFER REILLY, JUSTIN BARTOLET, JAMES LATHROP, and JONATHAN GRINDELL, individually and on behalf of similarly situated individuals, | ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 15-cv-06942 |
| v. | ) ) | Hon. Thomas M. Durkin |
| UBER TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) | |
| *Defendant*. | ) ) ) | |

## PLAINTIFFS' MOTION TO STRIKE THE OBJECTION OF KERRY ANN SWEENEY

The Class Representatives, Maria Vergara, Sandeep Pal, Jennifer Reilly, Justin Bartolet, James Lathrop, and Jonathan, through Class Counsel, hereby respectfully request entry of an Order striking the objection to the class action settlement brought by objector Kerry Ann Sweeney. In support of their Motion to Strike, the Class Representatives state as follows:

In Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 101), Plaintiffs discussed at length why the objection of Kerry Ann Sweeney—the sole objector to the proposed Settlement[1]—should be rejected. (Dkt. 101 at 19-25.) As discussed therein, Ms. Sweeney is a member of a family of "professional objectors" with a substantial history of filing meritless objections that have been criticized by courts nationwide. (*Id.* at 19-23.) In addition to having filed *eight* failed, meritless objections of her own, Ms. Sweeney's mother and father are frequent

---

[1] The only other person to file an objection, Marie Krikava, withdrew her objection to the proposed settlement upon receiving additional information and voiced her support for the settlement. (Dkt. 97.)

objectors to class action settlements, and the family has filed at least *53* objections to class action settlements. (*Id.*; *see also* Dkt. 101-3.) Ms. Sweeney's objection is also frivolous on its face because Ms. Sweeney's sole argument is that Plaintiffs failed to apply the "sliding scale" method for awarding attorneys' fees adopted in *Aranda v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2017 WL 1369741 (N.D. Ill. Apr. 10, 2017). However, as discussed during the Final Approval hearing, and as is evident from Class Counsel's fee petition (Dkt. 93 at 15-24), applying the "sliding scale" method addressed in *Aranda* is precisely what Class Counsel did. (Dkt. 101 at 22-24.) Thus, Ms. Sweeney's objection is devoid of any merit, was not actually responsive to any terms of the Settlement Agreement, and could provide no benefit to the Court or to the Settlement Class.

Although Ms. Sweeney's status as a professional objector who advanced a frivolous objection might alone be sufficient for striking her objection, she also violated the very modest informational requirements contained in both the Preliminary Approval Order ("Order") (Dkt. 88) and the Class Settlement Notice. [2] Ms. Sweeney's violation of these basic requirements of the Order mandates the striking of her objection in its entirety. [3]

First, the Class Settlement Notice that was sent to Ms. Sweeney—which was approved of and ordered by this Court (Dkt. 88 ¶¶ 9-13, 15)—required objectors to the Settlement to provide "information about other objections you or your lawyer(s) have made in other class action cases

---

[2] The Preliminary Approval Order, as well as the Settlement Agreement, the Long Form Notice, and other relevant case documents, are available to all Settlement Class Members at the Settlement Website. *See* https://ubertcpasettlement.com/Home/Documents (last visited January 25, 2018). In her objection, Ms. Sweeney even admits that she reviewed the relevant Notice. (*See* Dkt. 98-2 at 2) ("After reviewing the Notice, the Objector states….").

[3] Ms. Sweeney was also validly served with a deposition subpoena and a subpoena duces tecum, neither of which she has complied with. To date, she has failed to produce any documents and failed to appear for a scheduled deposition. "[O]bjectors should be willing to submit themselves to proceedings relating to the merits of their objections," and Ms. Sweeney's failure to do so further undermines the credibility of her objection. *Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *2 (C.D. Cal. 2016).

in the last four years." (Dkt. 101-2 at 120-121.) Ms. Sweeney has objected at least eight times previously, and although she is objecting *pro se* in this instance, she has previously been represented by her father Patrick Sweeney, who has been a party to the vast majority of the 53 "Sweeney family" objections, representing either himself, Ms. Sweeney, or Pamela Sweeney. (Dkt. 101 at 19-23; *see also* Dkt. 101-3.) This was not an optional provision. It was mandatory, and Ms. Sweeney failed to comply with the requirement and gave no basis for her noncompliance.

Second, Ms. Sweeney failed to comply with the Order's requirement that she provide her signature with any objection. (*See* Dkt. 88 ¶ 15; Dkt. 101-2 at 120-121.) Instead, Ms. Sweeney entered a "slash-s" electronic signature. (Dkt. 98-2 at 7.) While a "slash-s" might be acceptable in some circumstances, Ms. Sweeney's objection was submitted by mail and was not electronically filed. Because she failed to sign the objection, there is no way to know whether Ms. Sweeney ever even saw it. Indeed, since her attorney father has previously represented her in objections to class action settlements (and because the objection appears to have been written by an attorney and likely cut-and-pasted from an objection in a different case where Ms. Sweeney was not even the objector), it is possible, if not likely, that her father "ghost-wrote" the entire objection and mailed it himself. In fact, the likelihood that Ms. Sweeney did not herself write, and perhaps even see, the objection is made all the more apparent by the fact that the objection mistakenly refers to the objector as a "he." (*See* Dkt. 98-2 at 2) ("After reviewing the Notice, the Objector states that **he** is a class member[.]") (emphasis added). The requirement of a handwritten signature exists to prevent against this very kind of uncertainty.

In the Order, this Court ruled that an objector's failure to comply with the specifically-identified objection notice requirements is grounds to strike the objection:

> ***Any member of the Settlement Classes who does not make an objection in the time and manner provided in the detailed notice***, which is Exhibit 6 to the

Settlement Agreement, ***shall be deemed to have waived such objection and be forever foreclosed from making any objection to*** the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, *the payment of attorney's fees, costs, and expenses*, the Class Representatives' service award, the allocation of the Settlement Fund, or the Final Approval Order and Judgment.

(Dkt. 88 ¶ 15 (emphasis added).) The Order makes it clear that the failure to comply with these few specific, but straightforward and non-burdensome, requirements renders the objection "waived." For that reason, the objection should be stricken.

Courts in similar circumstances have stricken objections that failed to comply with reasonable requirments of preliminary approval orders. For example, in *In re Flonase Antitrust Litig.*, "[t]he notice that was approved in [the court's] preliminary approval order inform[ed] class members that they must file with their objection proof of membership in the class." 291 F.R.D. 93, 99 (E.D. Pa. 2013). In light of that, the court struck the objections of class members who did not provide such proof. *Id.* at 100; *see also, e.g.*, *Champs Sports Bar & Grill Co. v. Mercury Payments Sys., LLC*, No. 1:16-CV-00012-MHC, 2017 WL 5184788, at *1 (N.D. Ga. Aug. 31, 2017) (striking an objection "because of his willful refusal to comply with the requirements of the Preliminary Approval Order"); *San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 59 F. Supp. 2d 1021, 1033 (N.D. Cal. 1999) (striking objections that "fail to comply with the requirements of the notice"). Similarly, in *In re Am. Family Enters.*, the court struck down objections filed after the objection deadline where the notice packet explicitly informed class members of the objection deadline. 256 B.R. 377, 422 n.2 (D.N.J. 2000).[4]

---

[4] Other courts simply refuse to consider the merits of objections that fail to comply with a notice's procedural requirements—which is tantamount to striking the objection. *See., e.g.*, *Perkins v. Linkedin Corp.*, No. 13-CV-04303-LHK, 2016 WL 613255, at *3 & n.2 (N.D. Cal. Feb. 16, 2016) ("refus[ing] to consider" 50 objections that "lacked some of the information required by the Court's order granting preliminary approval"); *Zakskorn v. Am. Honda Motor Co.*, No. 2:11-CV-02610-KJM, 2015 WL 3622990, at *5 (E.D. Cal. June 9, 2015) ("The court need not consider objections that do not comply with all of the requirements set forth in the Notice of Settlement"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. MDL 3:07-md-1827 SI, 2011 WL 7575004, at *3 (N.D. Cal. Dec. 27, 2011) (refusing to consider untimely

The Court's Order explicitly sets forth the consequences of noncompliance with its procedural requirements (Dkt. 88 ¶ 15). As such, Ms. Sweeney's objection must be stricken.

Dated: January 25, 2018        Respectfully submitted,

MARIA VERGARA, JAMES LATHROP,
SANDEEP PAL, JENNIFER REILLY, JUSTIN
BARTOLET, and JONATHAN GRINDELL,
individually and on behalf of classes of similarly
situated individuals

By: */s/ Hassan A. Zavareei*
    One of Plaintiffs' Attorneys and Class Counsel

Myles McGuire
Evan M. Meyers
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
pgeske@mcgpc.com

Hassan A. Zavareei (*pro hac vice*)
Andrea R. Gold (*pro hac vice*)
Andrew J. Silver (*pro hac vice*)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950
hzavareei@tzlegal.com
agold@tzlegal.com
asilver@tzlegal.com

*Counsel for Plaintiffs and Class Counsel*

---

objection); *In re UnitedHealth Grp. Inc. Shareholder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158 n.6 (D. Minn. 2006) (same); *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *10 n.9 (C.D. Cal. June 10, 2005).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2018, I electronically filed the foregoing *Plaintiffs'*
*Motion to Strike the Objection of Kerry Ann Sweeney* with the Clerk of the Court using the
CM/ECF system. A copy of said document will be electronically transmitted to all counsel of
record, and Kerry Ann Sweeney will be served via electronic mail.

<u>/s/ Hassan A. Zavareei</u>