Nn

RECEIVED
2018 FEB -2 AM 11:56

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARIA VERGARA, SANDEEP PAL, JENNIFER REILLY, USTIN BARTOLET, JAMES LATHROP, and JONATHAN GRINDELL, individually and on behalf of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a Delaware corporation, <br><br> Defendant. | Case No. 15-cv-06942 <br> Hon. Thomas M. Durkin <br><br>  <br> FILED <br> FEB 02 2018 <br> THOMAS G. BRUTON <br> CLERK, U.S. DISTRICT COURT |

**OBJECTOR KERRY ANN SWEENEY'S RESPONSE TO PLAINTIFFS'S MOTION TO STRIKE OBJECTION**

**NOW COMES,** Pro Se objector, Kerry Ann Sweeney (the "Objector"), and hereby files this response to Plaintiff's Motion to Strike Objection (the "Response"). In support thereof Objector states as follows:

## I.   INTRODUCTION

Plaintiff's Motion to Strike Objection (the "Motion") seems to present some legal arguments lost in a sea of accusations (many of them which are simply false), personal jabs (that appear to have little or no relationship to the substance of the objection) and condescending proclamations that are frankly childish (or in "parenting-speak" "age inappropriate"). Objector will briefly respond to the

suggestion that somehow making valid objections, somehow becomes inappropriate when the objector is seasoned in that area of the law. However, in an effort not to "take the bait", the remaining discussion ignores Plaintiff's slings and arrows and solely addresses Plaintiff's substantive legal arguments.

An objector party, is a creature, created by common law and moreover by a major revision of the FRCP Rule 23 in 1966, which gave birth to the modern class action era. Entire books, law school classes and treatises have been written since to summarize the massive body of law that sprang from the 1966 revision of Rule 23. Throughout most of the iterations of the class action blueprint there has always been a place for the class member objector. Rule 23 has always envisioned the objector, as playing an important role, in the class action model. As intended, the objector, has long been the voice for the unnamed class members and has served as one of the many checks and balances of the class action paradigm. Courts have always recognized the proper place for the objector. Given this as a backdrop, Plaintiff's "objector bashing", in its Motion is at the very least inappropriate and at worst character assassination.

In order to get through the clutter contained in the Motion, all of the window dressing (including irrelevant slurs, captions, headings, line citations, and signature blocks) must be stripped away from the Motion in an effort to respond

to only the legal arguments. What is left is a very short legal argument consisting of four legal positions.

## II. DISCUSSION

### A. OBJECTOR CONTENDS THE COURT DIDN'T USE THE "SLIDING SCALE" METHOD OF CALCULATING FEES.

The objection is limited to the Plaintiff's request for attorney fees. The Motion states, the Objector criticized the Plaintiff's suggestion, that the Court apply the "sliding scale method" to determine attorney fees. Further, Plaintiffs assert they suggested the Court apply that very sliding scale method. The objection, however, is somewhat different. Although, Objector concedes its point could of have been more artfully stated, but the objection is to not the use of a sliding scale, but rather to the use of an "**enhanced**" sliding scale.

The Motion initially states, the sliding scale to be applied is:

> Percentage Awarded as Fees:
> First $10 million 30%
> Next $10 million 25%
> $20 - 45 million 20%
> Excess above $45 million 15%

Applying this method to the $20 million dollar settlement fund would yield a $5,500,000 fee. The Objection asserts this is a correct method of calculating the fee. What the Plaintiffs contend, however, is after applying the sliding scale method the Court add another layer of upward adjustment. Specifically, the Plaintiffs maintain an additional "adjustment for risk" is to be applied. Objector's contends the addition

upward adjustment for factors already used in determining the percentages to be used in calculating the sliding scale is "double counting".

In sum, Objector urged the Court to apply a true sliding scale (and not one that double counts) and award the Plaintiffs with $5,500,000 in attorney fees.

### B. OBJECTOR VIOLATED INFORMATIONAL REQUIREMENTS CONTAINED IN THE CLASS SETTLEMENT NOTICE.

#### (1). OTHER OBJECTION INFORMATION

Plaintiffs further contends that the objection should be nullified because Objector did not provide "information about other objections you or your lawyer(s) have made in other class actions in the last four years." Objector asserts that this information finds its way into the court documents solely as a result of its insertion by Class Counsel. It dual purpose is make the objection process more burdensome on objectors. The Plaintiffs is already in possession of such information as the contents of continue the tirades of "objector bashing" as evidenced in the Motion. For these reasons the Objector did not respond to the bait provided by Class Counsel.

#### (2). OBJECTORS USE OF ELECTRONIC SIGNATURE

Plaintiffs further contends the objection should be struck because Objector signed the objection with an electronic signature. The Objector is a millennial. Almost all of her signatures are done in some electronic form or another.

It was done as a matter of course and certainly not to purposely avoid what would have been a simple stroke of a pen.

The Federal Rules of Civil Procedure (the "FRCP") allow for this omission to be corrected. Rule 11 of the Federal Rules of Civil Procedure allows improperly executed document to be promptly corrected after the omission being called to the party's attention.

Rule 11 states:

"Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions
(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper **unless the omission is promptly corrected after being called to the attorney's or party's attention." Rule 11 FRCP.**

The correct signature on the objection should have read as follows:

__/s/ *Kerry Ann Sweeney*____
**Kerry Ann Sweeney, Pro Se**
**1223 20th Street**
**Unit 101**
**Santa Monica, CA 4040440**
**Phone: 424-299-0839**
**Email:kerryannsweeney@gmail.com**

Objector hereby states that she has filed an Amendment to the objection with a manual signature.

### III. THE MYSTERIOUS MISSING "S'.

The Motion states the objection reads "Objector states that **he** is a class member". Simply put, this was the 8th personal pronoun used in the objection. The others seven are correct. Further, this pronoun's mistake would not be pick up by spell check as "he" is an appropriately spelled pronoun.

### IV. THE ATTEMPT BY CLASS COUNSEL TO FURTHER BURDEN THE OBJECTOR WITH UNNECCESSARY DISCOVERY MATTERS.

In the Motion Plaintiffs writes:

"Ms. Sweeney was also validly served with a deposition subpoena and a subpoena duces tecum, neither of which she has complied with. To date, she has failed to produce any documents and failed to appear for a scheduled deposition. "[O]bjectors should be willing to submit themselves to proceedings relating to the merits of their objections," and Ms. Sweeney's failure to do so further undermines the credibility of her objection. Chambers v. Whirlpool Corp., 2016 WL 9451361, at *2 (C.D. Cal. 2016)."

The Objector lives in the northwestern quadrant of the Los Angeles basin. Last month this area was saturated with smoke from nearby fires. As a result residents were left breathing air that was thick will carbon content. Objects, vehicles, home exteriors, etc. had to be power washed.

The human lungs had no such clean up alternative. Like many others, the Objector developed what can only be described as a "smokers cough". In the Objectors

Case, however, the passing of time did little to alleviate the condition. She eventually developed pneumonia and was bed ridden. She was treated twice at the emergency room of a local hospital. Twice she was prescribed large dosages of antibiotics. This was going on when Class Counsel got the big idea to serve me with a notice of deposition.

Objector immediately responded to Class Counsel. She emailed Class Counsel and informed him of her condition. Although he said he understood he insisted on pursuing the deposition. Objector offered to answer any relevant questions under oath, but that she was unable to attend the deposition. Class Counsel responded with yet another subpoena. Why the story was told as it was in the Motion is unclear.

## V. STRIKING THE OBJECTION SERVES NO PROCEDURAL PURPOSE

The striking of the objection does nothing to change the procedural landscape. If The Court has before it a motion to approve the settlement. If it granted the Motion becomes moot. If it is denied the Court has adopted the objection regardless if the Motion is struck. The Motion provides no meaningful avenue to the Court which does not already have.

## VI. CONCLUSION.

For the above reasons the Objector respectfully requests this Court deny the Motion.

February 1, 2018                  Respectfully submitted

                                     /s/ *Kerry Ann Sweeney*
                               **Kerry Ann Sweeney, Pro Se**
                               **1223 20th Street**
                               **Unit 101**
                               **Santa Monica, Ca 90404**
                               **Phone: 424-299-0839**

                               Email:kerryannsweeney@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, I caused, via overnight express, the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois. Participants who are in the case who are registered CM/ECF users will be served by the CM/ECF system. I have also served counsel of record via electronic mail.

                               /s/ *Kerry Ann Sweeney*
                               Kerry Ann Sweeney, Pro Se