# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARIA VERGARA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 15 C 6942 |
| v. | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are: (1) plaintiffs' motion for approval of attorneys' fees, expenses, and incentive awards [93]; (2) plaintiffs' corresponding motion for leave to file a memorandum in excess of fifteen pages [91]; (3) plaintiffs' motion for final approval of class action settlement [101]; and (4) plaintiffs' motion to strike the objection of Kerry Ann Sweeney to the award of attorneys' fees [104].

For the reasons set forth below and at the January 23, 2018 final approval hearing [103], the Court grants plaintiffs' motion for final approval of the class action settlement [101], grants plaintiffs' motion for leave to file excess pages [91], and grants in part and denies in part plaintiffs' motion for approval of attorneys' fees, expenses, and incentive awards [93]. The Court denies plaintiffs' motion to strike the objection of Kerry Ann Sweeney [104], but nevertheless overrules Sweeney's objection. The Court directs plaintiffs on or before March 9, 2018 to prepare a proposed order incorporating and consistent with this Court's rulings on

their motions for final approval of class action settlement [101] and for approval of attorneys' fees, expenses, and incentive awards [104].

## Discussion

At a hearing on January 23, 2018, this Court granted plaintiffs' motion for approval of the $20 million class action settlement in this case [101]. The Court incorporates herein its reasons stated orally for approving the settlement based on the factors outlined by the Seventh Circuit in *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006).

The Court further explained at the January 23, 2018 hearing that it planned to grant plaintiffs' requested expenses and incentive awards, and to grant at least in part plaintiffs' requested attorneys' fees [93]. As discussed at the hearing, the Court adopts what "appears to have become the standard model in this circuit" for awarding fee awards in TCPA cases like this one involving a common fund settlement: a sliding-scale percentage approach. *See, e.g., Aranda v. Caribbean Cruise Line, Inc.*, 2017 WL 1369741, at *5 (N.D. Ill. Apr. 10, 2017); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) (examining data from TCPA common fund settlements to adopt approach). Under this approach, the common fund is separated into bands, and class counsel is awarded a percentage of each band, with the percentage awarded decreasing as the size of the common fund increases. *Id.* at 804; *see also In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979 (7th Cir. 2003).

The $20 million settlement in this case implicates only the first two bands (of $10 million each). The base percentage applied to the first $10 million band is 30%, and the base percentage applied to the second $10 million band is 25%. *Capital One*, 80 F. Supp. 3d at 804.

In high risk cases, courts apply an upward risk adjustment to the base percentages of each band. *See, e.g.*, *Aranda*, 2017 WL 1369741, at *8-9. In the course of determining what risk factors to apply, the *Aranda* court reasoned that "at the same time that counsel's success at each stage of the litigation may increase the expected value for his clients, counsel's own risk of nonpayment also decreases as another obstacle to recovery is removed." *Id.* at *8. "Plaintiffs in a hypothetical negotiation might, therefore, agree to pay a risk premium at each band in a high-risk case like this but insist that the size of the premium decrease at each band, as the risk of non-recovery decreases." *Id.* The court applied "this logic by awarding a decreasing risk premium to the standard sliding-scale structure"—specifically, "a six-point premium to the first band, a five-point premium to the second band, a four-point premium to the third band, and a three-point premium to the fourth band." *Id.* at *9. The *Aranda* court therefore awarded class counsel "36% of the first $10 million ($3.6 million), 30% of the second $10 million ($3 million), 24% of the band from $20 million to $56 million ($8.64 million), and 18% of the remainder." *Id.*

As discussed at the January 23, 2018 hearing, this case, like *Aranda*, involved "real and significant" risk by plaintiffs' counsel, *id.* at *6, including litigating against a defendant with substantial resources, strong legal defenses, and

3

a willingness to litigate. This Court therefore agreed with plaintiffs that a six-point risk premium should be applied to the first $10 million band. The Court explained that the only remaining issue was the risk premium to apply to the second band (which totals $9,043,000 after subtracting costs and incentive awards).

Plaintiffs ask the Court to apply the same, six-point risk premium to the first $10 million band and the second $9,043,000 million band. But, as the *Aranda* court explained, plaintiffs' counsel's incentives change as the risk of non-recovery decreases. Plaintiffs' counsel articulated no reason—and the Court sees no reason—to distinguish the risk assessment in this case from that in *Aranda*, where the court applied a lower, five-point premium to the second band. Indeed, plaintiffs' counsel acknowledged during the January 23, 2018 hearing that it would be in this Court's discretion to apply either a five-point risk premium or a six-point risk premium to the second band. The Court therefore awards plaintiffs' counsel 36% of the first $10 million band ($3.6 million) and 30% of the second $9,043,000 band ($2,712,900), for a total award of $6,312,900. This corresponds to a $37,100 reduction of the $6,350,000 fee award requested by plaintiffs. R. 93 at 17.

Finally, the Court turns to the only remaining objection in this case[1]: a *pro se* objection by Kerry Ann Sweeney pertaining to the award of attorneys' fees. As plaintiffs explain in their motion to strike Sweeney's objection [104] (to which Sweeney responded [106]), Sweeney and her family members are serial class action

---

[1] This Court granted objector Marie Krikava's motion to withdraw her objection [97]—the only other objection filed.

4

settlement objectors with a substantial history of filing objections that have been criticized and overruled by courts nationwide. *See* R. 101 at 19-23 (collecting cases).

Although the Court does not find that the grounds identified by plaintiffs warrant striking Sweeney's objection outright, the Court nevertheless overrules Sweeney's objection. Sweeney argues that the attorneys' fees sought by plaintiffs' counsel are excessive, and that the award should follow the sliding-scale model set forth in *Aranda*. But plaintiffs cited and applied the sliding-scale approach and base percentages set forth in *Aranda* in their fee request. R. 93 at 15-17. The only problem with plaintiffs' application of this approach, as explained above, was their failure to decrease the risk factor applied to the second band. The Court identified and addressed this issue independently of Sweeney's objection. Sweeney has therefore added no value to the process.

Like other courts across the country, this Court declines to reward Sweeney for what is effectively a practice of objector blackmail: filing serial objections in attempt to extort money from class counsel without providing value. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1361 n.30 (S.D. Fla. 2011) ("professional objectors can levy what is effectively a tax on class action settlement, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class . . . gains nothing."); *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 639 (N.D. Ohio 2016) ("The serial objector's ultimate goal is extortion."). For these reasons, the

Court denies plaintiffs' motion to strike Sweeney's objection [104], but overrules that objection.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 26, 2018