UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA VERGARA, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>              Defendant. | Case No. 1:15-CV-06942<br><br>Hon. Thomas M. Durkin |

**ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES,
AND INCENTIVE AWARDS AND JUDGMENT**

WHEREAS, on August 17, 2017, this Court entered an order granting preliminary approval of the Parties' Settlement Agreement (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement of this Action pursuant to the terms of the Settlement Agreement, certifying the Settlement Classes, and directing that notice be given to the members of the Settlement Classes;

WHEREAS, pursuant to the Parties' plan for providing notice to the Settlement Classes (the "Notice Plan"), the Settlement Classes were notified of the terms of the proposed Settlement and of a Final Approval Hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the Released Claims against the Releasees; and

WHEREAS, a Final Approval Hearing was held on January 23, 2018. Prior to the Final Approval Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of compliance. Settlement Class members were therefore notified of the terms of the

proposed settlement and their right to appear at the hearing in support of or in opposition to the proposed Settlement;

WHEREAS, on February 26, 2018, the Court granted Plaintiffs' Motion for Final Approval of the Class Action Settlement, granted Plaintiffs' Motion for Leave to File Excess Pages, granted in part and denied in part Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards, and denied Plaintiffs' Motion to Strike the Objection of Kerry Ann Sweeney, but overruled Sweeney's objection;

NOW, THEREFORE, the Court, having heard the oral presentations made at the Final Approval Hearing, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, and having reviewed the materials in connection therewith,

it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. The capitalized terms used in this Order and Judgment shall be construed according to those terms' definitions in the Settlement Agreement unless otherwise stated.

2. The Court has jurisdiction over the subject matter of this case, all claims raised therein, and all Parties thereto, including the members of the Settlement Classes.

3. The Court finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Classes for settlement purposes, that common issues of law and fact predominate over individual issues, and that Settlement and certification of the Settlement Classes are superior to alternative means of resolving the claims and disputes at issue in this case.

4. The Settlement Classes, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Classes who did not submit a timely and valid Request for Exclusion. The members of the Settlement Classes who have requested exclusion are identified in Exhibit A hereto.

5. Plaintiffs Jonathan Grindell, Sandeep Pal, James Lathrop, Jennifer Reilly, Justin Bartolet, and Maria Vergara shall serve as Class Representative of the Settlement Classes.

6. The Court appoints the following counsel as Class Counsel for purposes of this settlement:

> Hassan A. Zavareei
> Andrea R. Gold
> Andrew J. Silver
> TYCKO & ZAVAREEI LLP
> 1828 L Street, N.W., Suite 1000
> Washington, D.C. 20036; and
>
> Myles McGuire
> Evan M. Meyers
> Paul T. Geske
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Floor
> Chicago, IL 60601

7. For purposes of the Settlement and this Final Approval Order and Judgment, the Settlement Classes are:

> Settlement Class A: All persons or entities within the U.S. who, from December 31, 2010 up to and including August 17, 2017, used or subscribed to a wireless or cellular service and were sent one or more non-emergency text messages, utilizing Twilio Inc.'s system, in connection with Uber's Refer-a-Friend Program.
>
> Settlement Class B: All persons or entities within the U.S. who, from December 31, 2010 up to and including August 17, 2017, started Uber's driver application process but did not become an "active" driver in Uber's system, who used or subscribed to a wireless or cellular service, and to whom Uber sent one or more non-emergency text messages after the user or subscriber requested Uber to discontinue sending text messages.

<u>Settlement Class C</u>: All persons or entities within the U.S. who, from December 31, 2010 up to and including August 17, 2017, were not party to a contract with Uber and/or who did not provide his or her cellular phone number to Uber, and who used or subscribed to a wireless or cellular service to which Uber sent one or more non-emergency text messages.

Excluded from the Settlement Classes are all persons who elect to exclude themselves from the Settlement Classes, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

8. The Court finds that the Notice Plan set forth in Section IX of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of this case, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Further, the Court finds that Defendant has timely satisfied the notice requirements of 28 U.S.C. Section 1715.

9. The Settlement, as set forth in the Settlement Agreement and this Order, is in all respects fair, reasonable, adequate and in the best interests of the Settlement Classes, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation, and therefore the Settlement is approved. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

10. The sole pending objection to the Settlement is overruled. By the December 22, 2017 objection deadline, only two Settlement Class Members had filed objections. (Dkt. 98). One of the objectors, Marie Krikava, moved to withdraw her objection (Dkt. 97) and stated her support for final approval of the "excellent settlement." (*Id.*). The Court subsequently granted Krikava's motion to withdraw (Dkt. 103) and considers the objection withdrawn. Thus, the only pending objection was filed by Kerry Ann Sweeney. Her objection is overruled for all of the reasons set forth in this Court's Order of February 26, 2018. (Dkt. 111).

11. Additionally, the Court finds that Ms. Sweeney did not produce documents in response to a Subpoena for Documents that was served on her by Plaintiffs, and Ms. Sweeney also did not appear for her deposition that was scheduled for January 22, 2018, pursuant to a Subpoena served by Plaintiffs. (*See* Dkt. 110 at 15-16; Dkt. 104 at 2 n.3.)

12. Upon the Effective Date, the Releasors shall have, by operation of this Final Approval Order and Judgment, fully, finally and forever released, relinquished, and discharged the Releasees from all Released Claims pursuant to Section VII of the Settlement Agreement.

13. Releasors are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Releasees.

14. This Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Uber or any other Releasee of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

15. The claims of the Plaintiff Class Representatives and all members of the Settlement Classes in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and the Court's Order of February 26, 2018, the parties shall bear their own costs and attorneys' fees. The Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

16. Having reviewed Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses and Incentive Awards, the Court hereby grants the motion in part and denies it in part, and approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $6,312,900 (attorneys' fees) plus $205,732.48 (costs and expenses). This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards, finds this award of attorneys' fees, costs and expenses appropriate and reasonable for all of the reasons outlined in the Court's Order of February 26, 2018.

17. The Court approves service awards of $10,000.00 for each of the Class Representatives and specifically finds such amounts to be reasonable in light of the services performed by the Class Representatives for the Settlement Classes, including taking on the risks of litigation and helping achieve the compensation being made available to the Settlement Classes. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is directed to enter this Final Order and Judgment.

19. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

20. Uber has agreed to undertake certain prospective relief to benefit the Settlement Class Members. Uber will undertake the following practices:

   a) Uber agrees that for a period of two years from the Effective Date it will not send server-assisted driver-referral text messages from the Uber app on Uber-issued cellular phones.

   b) Uber agrees that for at least two years from the Effective Date it will maintain an opt-out protocol for recipients of text messages who initiate but do not complete the driver sign up process, which will at a minimum unsubscribe recipients from pipeline driver SMS messaging who reply with any of the opt-out words or phrases on Appendix A.

   c) Uber agrees to adhere to the following procedures by February 28, 2018 or the Effective Date, whichever is later, for a minimum of two years: (i) Uber's servers will delete any phone number entered during the rider account sign-up process that is not verified within 15 minutes; (ii) Uber will display the phone number used during the rider account sign-up process on the app screen where a new verification text can be requested with the note "Did you enter the correct

- 8 -

number?"; and (iii) after one attempted verification text resend, the user will be forced to re-enter the phone number used during sign-up.

21. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order and Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated: March 1, 2018

_____
Hon. Thomas M. Durkin
U.S. District Court Judge

# Exhibit A

# Vergara v. Uber Technologies.inc.
Case No. 1:15-cv-06942
**Requests for Opt Outs**

|    | DocID     | Key Name              |
|----|-----------|-----------------------|
| 1  | 900000001 | ROBERT GILCHRIEST     |
| 2  | 900000002 | TAMMY L ERICKSON      |
| 3  | 900000003 | VICENTE PERALTA PULLA |
| 4  | 900000004 | ROBERT RIEGEL         |
| 5  | 900000005 | JACQUIE Y BLEVINS     |
| 6  | 900000006 | TERESITA RAMOS        |
| 7  | 900000007 | PABLO HERNANDEZ       |
| 8  | 900000008 | M RENA                |
| 9  | 900000009 | SARA RODRIGUES        |
| 10 | 900000010 | GEORGE J MURRAY       |
| 11 | 900000011 | ANTHONY RANSOM        |
| 12 | 900000012 | MARK FRIEND           |
| 13 | 900000013 | JENNIFER NG           |
| 14 | 900000014 | ERION META            |
| 15 | 900000015 | CLEBER AGUIAR         |
| 16 | 900000016 | JOHN A FISCIAN        |
| 17 | 900000018 | ALICIA JACOB          |
| 18 | 900000019 | TED R DORFMAN         |
| 19 | 900000020 | ERIKA KNOWLTON        |
| 20 | 900000021 | CHRISTINE A HAMILTON  |
| 21 | 900000022 | UZOAMAKA OHAI         |
| 22 | 900000023 | ASHLYN MALLISON       |
| 23 | 900000024 | STATE FARM INSURANCE  |
| 24 | 900000025 | LAINE K SANBURG       |
| 25 | 900000026 | CRYSTAL ROFEIM        |
| 26 | 900000027 | STEVEN COLLOTON       |
| 27 | 900000028 | CAMILO TOLENTINO      |
| 28 | 900000029 | KRYSTAL LAWS          |
| 29 | 900000030 | MUHAMMAD SHAHID       |
| 30 | 900000031 | LIZHONGFEI LI         |
| 31 | 900000032 | IGNACIO GALINDO       |
| 32 | 900000033 | MARIA PLAKSINA        |
| 33 | 900000034 | ROLANDO A CUEVAS      |
| 34 | 900000035 | TERRIANNE PEARSON     |
| 35 | 900000036 | ADRIANA LARA          |
| 36 | 900000037 | AARON HALLIBURTON     |
| 37 | 900000038 | PATRICK HENDERSON     |
| 38 | 900000039 | ZHENGQIANG FU         |
| 39 | 900000040 | FIRASS TASLAQ         |

| | | |
|---|---|---|
| 40 | 900000041 | SHAMEKA V RAMSAY |
| 41 | 900000042 | ALEKSANDER LITVAK |
| 42 | 900000043 | CLINGAN |
| 43 | 900000044 | PAMELA HACK |
| 44 | 900000045 | MOHAMMED ISSAADI |
| 45 | 900000046 | ALBERTO SANCHEZ |
| 46 | 900000047 | MONICA PRIETO |
| 47 | 900000048 | PATRICK D MIKKELSON |
| 48 | 900000049 | HOWARD MCBRIDE |
| 49 | 900000050 | KERRY S BLOSS |