# KERRY ANN SWEENEY, PRO SE
# 1223 20TH STREET
# UNIT 101
# SANTA MONICA, CA 90404
# Phone; (424)-299-0832
# Email: kerryannsweeney@gmail.com

February 26, 2018

15C6942

**Via U. S. Mail**
Honorable Judge Durkin
c/o Clerk of Courts
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

FILED

MAR 08 2018

Judge Thomas M. Durkin
United States District Court

Re: Uber TCPA Class Action

Dear Honorable Judge Durkin:

I am a pro se litigant in this case. Let this letter serve as my omnibus response to Class Counsel's and my 18 separate communications regarding their insistence on deposing me notwithstanding a severe illness from which I was suffering and my offers to provide the information sought in an alternative method. Accordingly, I am seeking sanctions for their conduct and fees for my time. I request such punitive measures be imposed against all class counsels as they were all copied on much, if not all of the belligerent correspondence, and yet they sat idle.

Specifically, I was quite ill from the dangerous air conditions caused by the recent wildfires in the Los Angeles basin. Like many "Angelinos", I developed, what can only be described as a deep and constant "smoker's cough". While for most people the condition improved with time, mine did not. Evan after the air quality recovered my lung functions became more problematic. I was twice hospitalized and although I am better now I was very sick for a good while. During this time, class counsel badgered me for a deposition and became relentless with their demands notwithstanding the fact I informed them of my illness.

They now, have the nerve, to threaten sanctions from ME when it was their behavior that was inappropriate.

The relevant filings in the Court's Docket were somewhat unremarkable. The Docket, in its relevant portions, reads like this:

1. On August 7, 2015 the Class Action Complaint was filed in USDC-Northern Illinois as Case no. 15-6942
2. Less than 2 years later, on June 14, 2017, the parties filed a Stipulation and Notice of Settlement.
3. Two months later, on August 17, 2017, the Court entered an Order Preliminarily Approving Class Action Settlement Agreement, Conditionally Certifying Settlement Classes, Directing Notice of Proposed Class Settlement, and Scheduling a Final Approval Hearing Date.
4. On December 27, 2017, I filed my Objection.
5. On January 23, 2018 a Fairness hearing was held and the Court took the final approval of the settlement under advisement.
6. On January 25, 2018, the Plaintiff filed a Motion to Strike my Objection.7.
7. On February 2, 2018, I file my response to Plaintiff's Motion to Strike.

Simultaneously to the above described Docket activity, another, more disturbing exchange was taking place between Class Counsels and myself. I submit that this series of events exceeded even the most basic standards for litigation civility.

The exchange included the following entries:

1. On or about January 13, 2018, I was served with a Notice of Deposition which was to take place in approximately 4 business days. At the time, I was severely sick with an acute respiratory condition brought on by the horrific air quality resulting from the recent wildfires in Southern California.

Given this, I quickly contacted Class Counsel to explain my health limitations. My January 15, 2018 email was as follows:

"*Dear Counsel:*

*I have been very ill over the past 2 weeks. I was served with a Notice of Deposition with less than a week's notice. You should have given me reasonable notice. I will not be able to attend the depo for health reasons.
regards
Kerry Ann Sweeney*"

2. Apparently Class Counsel was not moved by my health condition. On the very next day, January 16, 2018 I receive the following response:

> "Thank you, Kerry Ann. Please advise if you are available to reschedule your deposition for Monday, January 22 **[the day before the Fairness Hearing]**. If that date doesn't work for you, please let us know today which other dates you are available to proceed with your deposition.
>
> Myles McGuire
> MCGUIRE LAW, P.C.

3. Sensing the deposition was a litigation tactic and not a real need for any relevant information, I voluntarily offered Class Counsel a method to obtain their desired information without requiring me to crawl out of bed and appear. Accordingly, on January 17, 2018, I responded with the following email:

> "Hi Myles
>
> I am dealing with some health issues. Thank you for your consideration.
> Let's cut to the chase. It appears you would like "some specific information" about me before the fairness hearing.
> To the extent this helps, I would be willing to answer any written questions under a promise to be truthful subject to the same rules as at the deposition
> Let me know
> Thanks
> Kerry Ann Sweeney"

4. Still not deterred Class Counsel responses, that very same day, January 17, 2018:

> "Thanks, Kerry Ann. I appreciate your health issues. We are certainly experiencing them ourselves back east **[really –wildfires in Wrigleyville perhaps??] (inserted by Kerry Ann Sweeney)**. However, we are going to need to proceed with your deposition unfortunately if you wish to continue to pursue your objection. Accordingly, please let me know when you are available to appear for your deposition, including whether you are available to do so on Monday, January 22."

5. On January 19, 2017, as my condition worsened and I grew sicker, I was admitted to the emergency room at UCLA Hospital only to discover I had received this nugget from Class Counsel:

*"Kerry Ann,*

*Please see the attached amended notice of deposition for Monday, January 22.*

*Regards,*
*Myles "*

6. On January 21, 2018, I responded:

*"Myles*
*I am unable to attend due to continued illness.*
*When I am recovered I will contact you on available dates.*
*Regards*
*Kerry Ann Sweeney"*

7. Class Counsel was relentless sending, later that same day, yet, another email stating:

*"Kerry Ann,*

*I am sorry to hear that your illness has continued. However, we have already agreed to reschedule your deposition once and have not received any alternative dates from you. Accordingly, we will be proceeding with your deposition tomorrow at the scheduled time.*

*Regards,*

*Myles McGuire"*

8. By now I was quickly deteriorating into severe pneumonia, but in an effort to be responsive, on the next day, January 22, 2018, I wrote"

*"As I stated before I am unable to attend the deposition due to medical reasons. I will contact you when I am well enough for a deposition."*

9. On January 25, 2017 I received the following email from Class Counsel:

*"Kerry Ann,*
*Please see the attached.* **[the Plaintiff's Motion to Strike- which served no procedural purpose as it adjudication, one way or another, would have the same real life effect as the already pending Motion to Approve the Settlement]**

*Regards,*
*Myles McGuire*

10. The next day January 26, 2018 in an effort to stop the constant barrage of demands in a case that has 2 of Plaintiff's motions before the Court and nothing before the Court from me except my long ago filed objection (and now I am near total exhaustion with this thinly veil attempt to get me to drop my objection) I proposed the following:

*"Hi Myles*

*I received your Motion and I can open the attachment. No need to mail the Motion. I will respond in a few days if I am up and around. I am hoping I will feel better soon.*

*If I don't feel better I may hire counsel to take it from here. That might be a good idea anyway.*

*Let me know if you have any thoughts about resolving this matter. I am not adverse to mediation.*

*Regards,*

*Kerry Ann"*

11. Class Counsel response that same day:

*"Kerry Ann,*
*Attached is the court order authorizing service upon you by email and other related matters.*
*Regards,*
*Myles"*

12. Now, near tears, and not really knowing if I am dealing with "nut jobs" I reply:

*"Myles*

*Thanks for providing a copy. My attorney friends tell me I should file a notice of appearance requesting I be emailed on the filings-which I will do.*

*I have attached my response to your motion to strike. My attorney pals also said I can amend my signature using a rule for filing. In any event I have sent both for filing.*

*Still down from the pneumonia. If you need to depos I will let you know when I am up and about.*

*Kerry Ann"*

13. On February 15, 2018 Class Counsel wrote:

*"Kerry Ann,*

*Please advise if your health has improved sufficiently to proceed with your deposition and, if so, which dates this month you can be available.*

*It has been nearly a month since you first informed us of your poor condition and several weeks since you agreed to let us know when you had recovered enough to appear for your deposition yet we still have not heard back from you.*

*We'll obviously need to inquire at your deposition when it eventually does go forward about the nature of your illness given the lengthy delay it has caused to this proceeding.*

*Myles"*

14. Then I receive the attached letter threatening me with sanctions. It states:

*"The first issue in dispute stems from two deposition subpoenas issued to you, first on January 10, 2018, followed by another on January 19, 2018.*

*In response to each subpoena, you informed us that you were unable to attend at the noticed dates for health reasons. We requested on multiple occasions that you provide us with alternative dates for your deposition, and you have failed to do so. Because the deposition subpoenas were issued in compliance with Rule 45 of the Federal Rules of Civil Procedure, we intend to seek an order under Federal Rule of Civil Procedure 37(a) compelling you to sit for a deposition. Additionally, pursuant to Federal Rule of Civil Procedure 37(a)(5), we intend to seek an order requiring you to pay our reasonable expenses incurred in making the motion, including attorney's fees. And finally, we intend to seek an order requiring you to pay the costs associated with the deposition that you failed to attend on January 22, 2018, including but not limited to court reporting fees.*

*The second issue in dispute stems from a document subpoena issued to you on January 10, 2018, requiring you to produce documents. You have completely failed to respond to or produce documents in compliance with this subpoena. Because the document subpoena was issued in compliance with Rule 45 of the Federal Rules of Civil Procedure, we intend to seek an order under Federal Rule of Civil Procedure 37(a) compelling you to produce documents responsive to that subpoena. Pursuant to Federal Rule of Civil Procedure 37(a) (5), we also intend to seek an order requiring you to pay our reasonable expenses incurred in making the motion, including attorney's fees."*

I am in disbelief at the unprofessional and belligerent behavior of class counsel.

Regarding the specific technical procedural flaws and defects in class counsel's letter, Local Rule for the Northern District of Illinois states:

### 7-4. Motions for Sanctions under Fed. R. Civ. P. 37

*When, in connection with a dispute about disclosure or discovery, a party moves for an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37, the motion must:*

**1. (a)** *Comply with Civil L.R. 7-8 and Civil L.R. 7-2; and*
  **(b)  Be accompanied by competent declarations which:**
     **(1)  Set forth the facts and circumstances that support the motion;**
     **(2)  Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court; and**
     (3) *If attorney fees or other costs or expenses are requested, itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed.*

Class Counsel has not complied with any of the embolden matters cited above. In addition, Counsel has not complied with the detailed requirements of the "meet and confer" standard. It states:

> **"Meet and confer.** "Meet and confer" or "confer" means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation."

No face to face nor telephone conversations ever took place.

Further, the Local Rules Preamble states:

> **"STANDARDS FOR PROFESSIONAL CONDUCT WITHIN THE SEVENTH FEDERAL JUDICIAL CIRCUIT PREAMBLE. A lawyer's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling our duty to represent a client vigorously as lawyers, we will be mindful of our obligations to the administration of justice, which is a truth seeking process designed to resolve human and societal problems in a rational, peaceful, and efficient manner."**

Yet no mention is made regarding my illness, no mention of my offer to answer any question in written form, and do so from my sick bed, nonetheless. The inquiries go as far as questioning the details of my illness as if I was attempting to dupe Class Counsel in order to avoid a deposition! I only wish I had any information regarding anything that could possibly be that important.

I am now physically able to sit for a deposition

However, in light of Class Counsel's obsessive, fanatical and verging on tyrannical infatuation with interviewing a class member at virtually the end of a legal proceeding (really how precious could such information be?) I insist an agreement be in place outlining appropriate areas of questioning. These parameters should be based on general privacy limitations, HIPPA limitations and some reasonable sense

of relevancy. Short of such agreement I will seek to obtain a protective order. If I am compelled to seek such protection, I WILL OBTAIN COUNSEL.

Also, I am willing to provide my medicals to the Court under seal and for your eyes and Class Counsel's designated licensed physician's eyes ONLY. Specifically, without waiving any of my privacy rights, (See *Hancock v. County of Rensselaer* 16-2888 SDNY) I was treated for pneumonia. I was in the emergency room of a local hospital twice. I was given extremely large doses of antibiotics on a ten day regiment. When that failed the doctors repeated the regiment (something not often done). I have lingering chronic cough and acute shortness of lung capacity.

This experience has enlightened me on how far and to what extremes Class Counsel will go to attempt to protect their attorney fees from any reasonable examination. It says a lot about how far the plaintiff's bar has sunk in their determination to extract fees that not even individual health conditions nor natural disasters of unprecedented scope will stand in their way.

I thank you for your consideration of my request.

Sincerely,

Kerry Ann Sweeney, Pro Se

CC:
Via Email
Hassan Zavareei, hzavareei@tzlegal.com
Myles McGuire, mmcguire@mcgpc.com
Paul Geske, pgeske@mcgpc.com
Andrew Silver, asilver@tzlegal.com
Eugene Turin, eturin@mcgpc.com
Andrea Gold, agold@tzlegal.com
Evan Meyers, emeyers@mcgpc.com

J. Wesley
1823 20th St.
Apt 101
Santa Monica, CA
90404

Judge Durkin

RECEIVED
2018 MAR 8

Honorable Judge Durkin
c/o Clerk of Courts
Everett McKinley Dirksen
U.S. Courthouse
219 South Dearborn St
Chicago, IL 60604

SOUTH MADISON WI 53715
MAR -2 2018