# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA VERGARA, SANDEEP PAL, JENNIFER REILLY, JUSTIN BARTOLET, JAMES LATHROP, and JONATHAN GRINDELL, individually and on behalf of similarly situated individuals, | ) ) ) ) ) ) |
| Plaintiffs, | ) No. 15-cv-06942 |
| v. | ) ) Hon. Thomas M. Durkin |
| UBER TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) ) |
| Defendant. | ) ) ) |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPEAL BOND

Plaintiffs, Maria Vergara, Sandeep Pal, Jennifer Reilly, Justin Bartolet, James Lathrop, and Jonathan Grindell, pursuant to Federal Rule of Appellate Procedure 7, and for their Reply in support of their Motion for Appeal Bond, (the "Motion," Dkt. 122), state as follows:

### I.     INTRODUCTION

In their Motion for Appeal Bond, Plaintiffs demonstrated that a bond is "necessary to ensure payment of costs" that they will incur in litigating the appeal filed by Objector-Appellant, Kerry Ann Sweeney ("Sweeney"). Fed. R. App. P. 7. Despite Sweeney's financial ability to pay the requested bond—she does not dispute her ability to pay $5,000 in costs and hasn't moved for leave to proceed *in forma pauperis*—there is nonetheless a very high risk of nonpayment. Sweeney's history as a serial objector shows that she routinely fails to pay required court costs and filing fees and often abandons the appeals she files. Indeed, as of the date of this filing, Sweeney

has failed to pay the filing fees for her appeal in this case despite multiple notices from the Seventh Circuit clerk informing her that her fees are weeks overdue.[1]

Sweeney's history of repeatedly disregarding court ordered fees and costs demonstrates the necessity of a bond here. And although Sweeney's objection is legally and factually unsupported, Plaintiffs will nonetheless incur significant costs in defending the Court's orders approving the Parties' exceptional Settlement. In short, the high risk of nonpayment, coupled with the likelihood that this Court's orders will be affirmed on appeal, justify Plaintiffs' requested bond. Accordingly, Plaintiffs respectfully request that the Court enter an order pursuant to Fed. R. App. P. 7 requiring Sweeney to post a bond in the amount of $5,000 to cover the costs to Plaintiffs of Sweeney's frivolous appeal.

## II. ARGUMENT

As explained in Plaintiffs' opening brief, the four factors courts generally consider under Fed. R. App. P. 7 all weigh in favor of imposing a bond here: (1) Sweeney frequently objects to class action settlements across the country and has the financial ability to post a bond; (2) despite Sweeney's ability to pay, there is nonetheless a very high risk of nonpayment, because Sweeney often fails to pay required court costs and filing fees and fails to prosecute the appeals she files; (3) Sweeney's objection is meritless and has added no value to the Parties' Settlement, indicating that the Court's order overruling Sweeney's objection will likely be affirmed on appeal; and (4) Sweeney filed her appeal in bad faith—she has been criticized by numerous courts as a "serial objector" who is engaged in a practice of "objector blackmail: filing serial objections in attempt to extort money from class counsel without providing value." (Dkt. 111, at 4-5; Dkt. 122, at 4-9).

---

[1] Circuit Rule 3(b) Notice, *Vergara et al. v. Sweeney*, No. 18-1659 (7th Cir. April 26, 2018), ECF No. 3. Class Counsel called the Clerk of the Seventh Circuit Court of Appeals and confirmed that, as of the filing of this reply brief, Sweeney had not paid her appellate fees.

In her Response to Plaintiffs' Motion, Sweeney does not dispute any of these facts or any of the four factors. Nor does she assert that she lacks the financial ability to post a $5,000 bond.[2] Instead, Sweeney concedes that a bond is appropriate, but she asks that the bond be limited to $500. However, Sweeney gives no justification or rationale for her chosen amount. In actuality, $500 is far below what courts in this District have found to be reasonable and below the bonds that Sweeney has been ordered to pay in other cases.

$5,000 is a reasonable estimate of the costs Plaintiffs are likely to incur on appeal for three reasons. First, in addition to the ordinary costs of an appeal, Plaintiffs will incur additional expenses compiling and submitting the complete record on appeal. Although it is Sweeney's responsibility ensure that record on appeal is complete, *West v. Fuchs*, 38 F. App'x 323, 327 (7th Cir. 2002) ("the appellant [] is responsible for ensuring that the record on appeal contains all the items necessary for meaningful review, and a failure to provide the necessary transcripts is grounds for dismissal" (internal citations omitted)), Sweeney has declined to order or submit copies of transcripts from any of the hearings associated with the orders she is appealing. (Seventh Circuit Transcript Information Sheet, *Vergara et al. v. Sweeney*, No. 18-1659 (7th Cir. May 2, 2018), ECF No. 8). In Sweeney's Seventh Circuit Transcript Information Sheet, she affirmatively states that she is not ordering any transcripts because she does not think they are relevant. (*Id.*). However, the transcripts from the preliminary approval and final approval hearings in this case are essential parts of the record on appeal. At those two hearings, the Court delivered parts of its rulings orally and explained the reasoning underlying its written orders. Plaintiffs will therefore need to supplement the record at their own expense.

---

[2] Despite submitting a Notice of Appearance and Circuit Rule 26.1 Disclosure Statement with the Seventh Circuit, Sweeney hasn't paid the required appellate fee, and she has chosen not to submit an application to proceed *in forma pauperis*. This is consistent with Sweeney's tactics in other cases.

The costs of ordering, copying, and submitting these transcripts are expenses Sweeney will need to reimburse Plaintiffs for in the event they prevail on appeal. Federal Rule of Appellate Procedure 39(e) explicitly lists such expenses as recoverable, stating in relevant part that "[t]he following costs on appeal are taxable . . . (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal . . . ." Fed. R. App. P. 39(e)(1)-(2); *see also Lawson v. Bethesda Lutheran Communities, Inc.*, No. 1:11-CV-228, 2012 WL 6727544, at *1 (N.D. Ind. Dec. 28, 2012) ("Recoverable costs include fees of the clerk; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees for printing; and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."). Accordingly, the amount of any bond imposed on Sweeney will need to include the significant costs to Plaintiffs of ordering, copying, and submitting the transcripts for all hearings associated with the orders cited in Sweeney's Notice of Appeal. This is in addition to other costs permitted by Fed. R. App. P. 39, such as copying costs and other costs likely to be incurred by Plaintiffs.

Second, the Federal Rules of Appellate Procedure also provide that any costs awarded can be doubled in the event the Court determines that an appeal is frivolous. Federal Rule of Appellate Procedure 38 states that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38; *Edelson PC v. Bandas Law Firm PC*, No. 16 C 11057, 2018 WL 723287, at *14 (N.D. Ill. Feb. 6, 2018) ("After prevailing, class counsel can then recoup its expenses, including the administrative costs associated with delay, by pursuing recovery of 'damages and single or double costs.' Fed. R. App. P. 38. In cases involving meritless, bad-faith objections, the likelihood of prevailing on appeal and recovering

damages would likely be high. Rejecting a bad-faith objector's demands would, therefore, be fully consistent with class counsel's fiduciary obligations.").

Sweeney's appeal falls squarely within this rule. Not only is her objection meritless and legally unsupported, it is also untethered to the actual terms of the Parties' Settlement Agreement. As Plaintiffs explained in their opening brief, Sweeney's objection falsely accused Plaintiffs of requesting a fee award that they simply did not request. (Plfs' Mot., at 2-3). The Court on its own also recognized Sweeney's mischaracterization of Plaintiffs' requested fee award. (Dkt. 111, at 5) ("Sweeney argues that the attorneys' fees sought by plaintiffs' counsel . . . should follow the sliding-scale model set forth in *Aranda*. But plaintiffs cited and applied the sliding-scale approach and base percentages set forth in *Aranda* in their fee request."). Therefore, the bond must be large enough to cover the likely outcome of Plaintiffs recovering double costs or monetary sanctions under Fed. R. App. P. 38.[3]

Third, and finally, the amount of Plaintiffs' requested bond is in line with bonds imposed in other cases in the Seventh Circuit and in this District. *See, e.g., Allen v. J.P. Morgan Chase Bank, N.A.*, No. 15-3425, 2015 WL 12714382, at *1 (7th Cir. Dec. 4, 2015) (modifying bond imposed on class action settlement objector to $5,000). As one court observed, "a bond for costs of $5,000" is a "reasonable estimate of the likely costs on appeal." *In re Navistar Diesel Engine Prod. Liab. Litig.*, No. 11-C-2496, 2013 WL 4052673, at *3 (N.D. Ill. Aug. 12, 2013); *see also In*

---

[3] Moreover, in the instant case, Sweeney's frivolous appeal is delaying the disbursement of a $20 million settlement fund, with over 100,000 class members having to wait an unreasonable amount of time to obtain the relief to which they are entitled. Class Counsel have received scores of calls and emails from class members asking about the status of their claims and questioning whether their claims are valid in light of the significant delay caused by Sweeney's meritless objection and appeal. Class Counsel have had to regularly communicate with the Settlement Administrator to assess the validity of these claims and communicate with the class members regarding same. Sweeney's objection and subsequent appeal is not only delaying payment to a significant number of people, but also needlessly wasting the time and resources of Class Counsel, the Settlement Administrator, the Court, and tens of thousands of class members.

*re Starlink Corn Prods. Liab. Litig.*, No. 1403, 01 C 1181, 2002 WL 1291790, at *1 (N.D. Ill. June 11, 2001) (ordering bond of $2,500). Indeed, some courts have ordered appellate bonds well in excess of what Plaintiffs have requested here. *See, e.g., Heekin v. Anthem, Inc.*, No. 1:05-cv-01908-TWP-TAB, 2013 WL 752637, at *1 (S.D. Ind. Feb. 27, 2013) (imposing bond "in the amount of $250,000, which is comprised of: (1) $15,000.00 for the direct taxable costs of the appeal and (2) $235,000.00 for the administrative costs of the delay caused by the appeal"); *In re Uponor, Inc. F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11-md-2247, 2012 WL 3984542, at **3-6 (D. Minn. Sep. 11, 2012) (finding that "[c]ourts routinely approve bonds for appeal-related costs of $25,000" and imposing bond "in the total amount of $170,000, which is comprised of (a) $25,000 for the direct costs of the appeal; (b) $20,000 for the administrative costs of the delay caused by the appeal; and (c) $125,000 for the cost of additional class notice").

Indeed, of the numerous appeal bonds that Sweeney and her family have been ordered to post, none were as low as $500. A $5,000 bond is consistent with other bonds that have recently been imposed against Sweeney and her family. *See, e.g., Cody v. SoulCycle, Inc*. No. 15-cv-06457, ECF No. 262 (C.D. Cal. Dec. 7, 2017) (imposing $1,000 bond against Sweeney), *In re MagSafe Apple Power Adapter Litig.*, 5:09-cv-01911-EJD, ECF No. 194 (N.D. Cal. July 6, 2012) (imposing $15,000 bond against Sweeney); *In re Blue Buffalo Co. Mktg. & Sales Litig.*, No. 14-md-2562, ECF No. 253 (E.D. Mo. Oct. 3, 2016) (imposing $25,000 bond against 5 objectors, including a $5,000 bond against Pamela Sweeney).

## III. <u>CONCLUSION</u>

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order granting their Motion for Appeal Bond, directing Objector Kerry Ann Sweeney to post a bond in the amount of $5,000, and granting Plaintiffs such further relief as the Court deems reasonable and just.

Dated: May 2, 2018

Respectfully submitted,

MARIA VERGARA, JAMES LATHROP, SANDEEP PAL, JENNIFER REILLY, JUSTIN BARTOLET, and JONATHAN GRINDELL, individually and on behalf of classes of similarly situated individuals

By: /s/ *Paul T. Geske*
One of Plaintiffs' Attorneys

Myles McGuire
Evan M. Meyers
Paul T. Geske
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
pgeske@mcgpc.com

Hassan A. Zavareei (*pro hac vice*)
Andrea R. Gold (*pro hac vice*)
Andrew J. Silver (*pro hac vice*)
TYCKO & ZAVAREEI LLP
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Tel.: (202) 973-0900
hzavareei@tzlegal.com
agold@tzlegal.com
asilver@tzlegal.com

*Counsel for Plaintiffs and Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2018, I electronically filed the foregoing *Plaintiffs' Reply in Support of Motion for Appeal Bond* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record, and Kerry Ann Sweeney will be served via electronic mail.

/s/ *Paul T. Geske*