# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Maria Vergara, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 15 C 6942 |
| v. | ) | |
| | ) | |
| Uber Technologies, Inc., | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

**ORDER**

In March 2018, objector Kerry Ann Sweeney appealed this Court's orders granting final approval of the class action settlement in this case and granting in part and denying in part plaintiffs' motion for approval of attorneys' fees, expenses, and incentive awards [111, 112]. Before the Court is plaintiffs' motion for a $5,000 appeal bond [122]. For the reasons set forth below, the Court grants plaintiffs' motion.

**Discussion**

As this Court explained in its February 26, 2018 order overruling Sweeney's objection to the Court's award of attorneys' fees, "Sweeney and her family members are serial class action settlement objectors with a substantial history of filing objections that have been criticized and overruled by courts nationwide." R. 111 at 4-5. Because the Court found that "Sweeney . . . added no value to the [settlement] process," the Court overruled Sweeney's objection. *Id.* Sweeney appealed. R. 114. On

April 26, 2018, the Seventh Circuit issued a Circuit Rule 3(b) Notice requiring Sweeney to either (a) pay the filing and docketing fees for her appeal or (b) file a motion to appeal in forma pauperis, or her appeal will be dismissed for lack of jurisdiction. R. 126. As of the date of this order, Sweeney has taken neither of these actions.

Currently before the Court is plaintiffs' motion for an appeal bond to ensure payment of costs on appeal. R. 122. Federal Rule of Appellate Procedure 7 authorizes district courts to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." "While the Seventh Circuit has not enumerated a test for when an appeal bond is appropriate, courts generally consider the following factors in determining whether an appeal bond is appropriate: (1) the appellant's financial ability to post a bond, (2) the risk of nonpayment of appellee's costs if the appeal is unsuccessful, (3) the merits of the appeal, and (4) bad faith or vexatious conduct on the part of the appellants." *Heekin v. Anthem, Inc.*, 2013 WL 752637, at *2 (S.D. Ind. Feb. 27, 2013).

Plaintiffs' motion cites and attaches a number of court orders requiring Sweeney to post appeal bonds, including in larger amounts than the $5,000 requested by plaintiffs here. *See* R. 127 at 6; R. 122-1; R. 122-2. As the courts in those cases found, "there is no reason to question Sweeney's ability to pay the requested bond" for purposes of the first factor of the analysis. *E.g.*, R. 122-1 at 3 (*Cody v. SoulCycle*, No. 15 C 6457 (C.D. Cal. Dec. 7, 2017)). Sweeney has not moved

to appeal in forma pauperis or taken any other action indicating that she is unable to pay. Turning to the second factor, "Sweeney's prior failure to pay required fees suggests a risk that she will not pay Appellee's costs should she lose on appeal." *Id.* (collecting cases); *see also* R. 122-3 (Ninth Circuit order dismissing Sweeney's appeal for failure to pay filing fees); R. 122-4 (same). With respect to the third factor, this Court has already considered Sweeney's objection and determined that it was without merit. R. 111 at 4-5. And with respect to the fourth factor, this Court has already found evidence of bad faith or vexatious conduct on the part of Sweeney. *See id.*

In response (R. 128), Sweeney does not dispute any of these facts or argue that she should not be required to pay a bond. Instead, she requests that the bond amount be set at $500, explaining that plaintiffs "failed to present to the Court a detailed summary of what costs make up their request for a $5,000.00 bond." R. 128 at 1. But plaintiffs provide such a summary in their reply. Plaintiffs explain, and the Court agrees, that it is likely plaintiffs will incur significant expenses compiling and submitting the complete record on appeal given that Sweeney has declined to order or submit copies of transcripts from any other hearings associated with the orders she is appealing. *See Vergara v. Sweeney*, 18-1659 (7th Cir. May 2, 2018), Dkt. 8 (Transcript Information Sheet stating that Sweeney is not ordering any transcripts); *see also* Fed. R. App. P. 39(e) (costs of preparation and transmission of relevant transcripts recoverable for a party entitled to costs).

3

The Seventh Circuit has instructed that a bond should not be used as a sanction for abusive class action objectors. *Allen v. J.P. Morgan Chase Bank, NA*, 2015 WL 12714382, at *1 (7th Cir. Dec. 4, 2015). But a bond is appropriately used "to ensure payment of costs on appeal" by such an objector. *Id.* In this case, plaintiffs have set forth the costs they seek to ensure payment of on appeal. And this Court finds that $5,000 is an appropriate estimate of the amount required to cover those costs. Indeed, the Seventh Circuit in *Allen* modified the appeal bond from $121,886 down to $5,000, finding that $5,000 would cover appellate costs. *See id.* And other courts in this district have likewise found $5,000 to be a "reasonable estimate of the likely costs on appeal." *E.g.*, *In re Navistar Diesel Engine Prod. Liab. Litig.*, 2013 WL 4052673, at *3 (N.D. Ill. Aug. 12, 2013).

For these reasons, the Court grants plaintiffs' motion for an appeal bond in the amount of $5,000. R. 122.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: May 7, 2018